REQUESTED BY: Senator Jerome Warner Nebraska State Legislature
You have requested an opinion from this office regarding the constitutionality of the Bromm-Hillman amendment (AM4153) to LB 1375, which amendment was tentatively approved by the Legislature on March 27, 1996. Your concern with the amendment is two-fold: first, that its provisions violate the separation of powers provision of Article II, Section 1 of the Nebraska Constitution and, second, that the measure improperly delegates powers of the Legislature to the Executive Board of the Legislative Council.
LB 1375 Provisions
Following adoption of the Bromm-Hillman amendment, LB 1375 now provides, in pertinent part:
 Sec. 3. An agency may not enter into a contract, alone or in cooperation with a private entity or nonstate agency, to sell public records for a fee if the public record would otherwise be free under state law or for a fee greater than allowed by state law unless specifically authorized by section 4 of this act. Any such contract in existence on the effective date of this act shall be terminated on January 31, 1998.
 Sec. 4. Subject to the approval of the Executive Board of the Legislative Council of any proposed fee not specified in state law for accessing public records, any agency which is party to a contract (1) terminated by section 3 of this act or (2) not authorized under existing state statutes and which is related to the provision of public records, may contract for the provision of public records for a term not to extend beyond January 31, 1998.
 The review by the executive board of a contract in existence on the effective date of this act under section 3 of this act shall be limited to the quality of the services provided, the security of the public records, any proposed increases in fees for services initiated by the parties to the contract, and any expansion or reduction in the level of services provided as of the effective date of this act.
For purposes of these provisions, the term "agency" would mean "all state agencies, departments, boards, commissions, and committees, the executive branch of state government, the judicial branch of state government, and the legislative branch of state government." LB 1375 (as amended by AM4153), § 1(1).
Analysis
Your first question is whether the process set forth in sections 3 and 4 of LB 1375 violates the separation of powers clause of the Nebraska Constitution, which provides:
 [t]he powers of the government of this state are divided into three distinct departments, the legislative, executive, and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted.
Neb. Const. art. II, § 1.
"The purpose of the clause is to establish the permanent framework of our system of government, to assign to the three departments their respective powers and duties, and to establish certain fixed principles upon which our government is to be conducted." State ex rel. Stenberg v. Murphy,247 Neb. 358, 364, 527 N.W.2d 185, 192 (1995). Moreover, "[t]he clause prohibits one department of government from encroaching on the duties and prerogatives of the others or from improperly delegating its own duties and prerogatives. . . . The clause thereby provides a check against the concentration of power. . . ." Id. (citing State ex rel. Spirev. Conway, 238 Neb. 766, 472 N.W.2d 403 (1991));see also State ex rel. Meyer v. State Board of Equalization Assessment, 185 Neb. 490, 176 N.W.2d 920 (1970).
Thus, Article II, Section 1 "contains an absolute prohibition upon the exercise of the executive, legislative and judicial powers by the same person or the same group of persons. It has remained a part of the Constitution unchanged since 1875. It is more certain and positive than the provisions of the federal Constitution and those of some of the states, which merely definitely divided the three powers of government."Laverty v. Cochran, 132 Neb. 118, 120-121,271 N.W. 354 (1937). See also State ex rel. Howard v. Marsh,146 Neb. 750, 21 N.W.2d 503 (1946); State ex rel. Sorensen v.State Bank of Minatare, 123 Neb. 109, 242 N.W. 278
(1932); Searle v. Yensen, 118 Neb. 835, 226 N.W. 464
(1929).
We find that the procedure set forth in sections 3 and 4 of LB 1375, which would require the Legislature's approval
of certain executive or judicial branch contracts, is violative of the state Constitution's separation of powers clause. Our conclusion is based upon the same considerations outlined in four previous opinions in which we considered the propriety of legislative bills which proposed procedures similar to those set out in the Bromm-Hillman amendment.
In 1992, we assessed a proposed amendment which would have vested the Executive Board of the Legislative Council with continued control over the Department of Administrative Services' management of a construction project. Op. Att'y Gen. No. 92-054 (April 1, 1992). This office concluded that the continued control over the construction project would have impermissibly involved the Legislature in functions of the executive branch of government. Id. at 3. Similarly, in 1987, we found suspect a proposed procedure for distribution of the Nebraska Energy Settlement Fund whereby the Governor developed a fund disbursement plan and submitted it to the Legislature. Op. Att'y Gen. No. 87-114 (December 9, 1987). No fund assets could be distributed without an appropriation based upon the Legislature's approval. Our concern related to the requirement that the Governor submit a plan for review and approval by the Legislature. Id. at 3. We determined that the proposed disbursement procedure violated Article II, Section 1:
 The Legislature is, in essence, requiring legislative approval before expenditure of the funds. The fact that the bill is written in terms of legislative approval for the appropriation does not alter the clear intent of the act requiring legislative approval for the expenditure. The Legislature is in effect attempting to both make the law and administer it, [to] appropriate money, and spend it. This is a violation of the separation of powers article of the Constitution of the State of Nebraska.
Id.
In 1977, we also found constitutionally suspect a proposal requiring legislative approval of an agency's planned expenditures from the Nebraska Outdoor Recreation Development Cash Fund. 1977-78 Rep. Att'y Gen. 77 (Opinion No. 53, dated March 24, 1977). As drafted and presented for our review, the legislative bill would have required the Game and Parks Commission to present its expenditure plan to the Legislature's Appropriations Committee "for its approval." Id.
(citing LB 109, § 22). We determined that
 [a]n attempt to authorize a legislative veto of executive judgment would violate Article II, § 1. . . . While the Legislature is fully authorized to limit executive choices by appropriate restrictions through enactment of statutes, once a statute is enacted or an appropriation made the Legislature has no further authority.
Id.
Finally, in 1963, we considered the propriety of a bill which would have prohibited the expenditure of funds from the State Institutional Building Fund for construction of state buildings unless prior authorization of the Legislature was obtained. 1963-64 Rep. Att'y Gen. No. 37 (Opinion No. 22, dated February 26, 1993). We stated:
 It is our conclusion that, while the Legislature has exclusive control over appropriations and the granting of the power to take title to real estate, it must exercise this control when it passes the bills in which it limits or restricts, or permits the action of the executive agency involved. It may not retain control over the expenditure or use of the power by requiring approval of the Legislature or any committee of the Legislature subsequent to the passage of the law in which the appropriation or power is given. To do so is to invade the executive functions in such a manner as to violate Article II of the Nebraska Constitution requiring the separation of powers of government.
Id. at 39 (emphasis added).
The approval process now contained in sections 3 and 4 of LB 1375 is quite similar to each of the proposals discussed in our prior opinions. Section 4 of the bill requires the Executive Board of the Legislative Council to approve certain aspects of any specified contracts executed by executive, judicial, and legislative agencies. We conclude that this continued control would impermissibly involve the Legislature in administrative functions of the judicial and executive branches of government. Assuming the agencies of those branches have been vested with the power to contract, then the terms of any contracts executed pursuant to that authority are not subject to review by the Legislature.
Correcting the LB 1375 Defect
Although we have concluded that LB 1375, as now drafted, violates Article II, § 1 of the state Constitution, we believe that the defect may be remedied by replacing the proposed "approval" process with a "reporting" process whereby state agencies entering into contracts affected by the bill would be required to report such contracts to the Executive Board of the Legislative Council. Such an amendment would still guarantee the Legislature's awareness of the existence of the contracts. Given that the bill proposes to terminate any existing or future contracts on January 31, 1998, a reporting mechanism would provide the Legislature with the requisite information to take further action on this subject matter during the 1997 legislative session.
Improper Delegation Issue
You have also asked us to address whether the LB 1375 provision requiring approval of a contract by the Executive Board of the Legislative Council constitutes an improper delegation of legislative authority to the Council. We have previously concluded that "the Legislative Council and its Executive Board are creatures of the Legislature which are not separate and distinct from it, but merely part of the Legislature itself." Op. Att'y Gen. No. 92-054 at 3; see also Op. Att'y Gen. No. 81-049 (March 6, 1981); Op. Att'y Gen. No. 81-050 (March 13, 1981). Thus, the Executive Board of the Legislative Council may legitimately "perform investigatory and other functions for the Legislature so long as [it does] not perform duties specifically required of the Legislature itself in the Nebraska Constitution." Id.
As currently drafted, sections 3 and 4 of LB 1375 are unconstitutional in that those provisions grant power to the Executive Board of the Legislative Council to, on behalf of the Legislature, vest agencies with authority to execute specified contracts. To the extent that the current provisions would allow the Executive Board to approve contracts entered into by agencies which, prior to enactment of LB 1375, did not have statutory authority to execute those contracts, then sections 3 and 4 of the bill impermissibly delegate the Legislature's power to enact laws to the Executive Board. Should LB 1375 be amended to establish a reporting or monitoring — rather than an "approval" — mechanism, then we see no constitutional problem with delegating coordination of the reporting or monitoring procedure to the Executive Board of the Legislative Council.
Conclusion
In conclusion, LB 1375, as currently drafted, violates Article II, § 1 of the Nebraska Constitution. The defect in the legislation could be repaired by an amendment which would require state agencies to notify or report to the Legislature when certain contracts are entered into but would not require legislative approval prior to execution of those contracts.
Sincerely,
 DON STENBERG Attorney General
 L. Steven Grasz Deputy Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
APPROVED BY:
Don Stenberg
Attorney General